Filed 9/6/13  Fang v. Abuershard CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LINDA FANG et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>NAZIH ABUERSHARD,<br><br>    Defendant and Respondent. | B241507<br><br>(Los Angeles County<br>Super. Ct. No. KC056760) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Affirmed.

Kenner Law Group and Jason J.L. Yang for Plaintiffs and Appellants.

Michael A. Lotta for Defendant and Respondent.

Plaintiffs and appellants Linda Fang and Maria Luisa Raymundo appeal from a judgment in their favor, following a court retrial on the issue of damages to trees on their properties. They contend the trial court erred in its award of damages because: (a) hearsay testimony of defendant and respondent Nazih Abuershard concerning the replacement cost of the trees was improperly admitted; (b) there was insufficient evidence supporting the court's calculation of damages; and (c) the court incorrectly based its award solely on the fair market value of the trees.

Appellants request reversal of the damages award and take the position that damages should be awarded in an amount consistent with the testimony of their expert. We find no prejudicial error and affirm.


FACTS

In August, 2009, Abuershard approached Fang and offered to pay for a tree service to trim pine and eucalyptus trees on Fang's property. Respondent said the trees were a fire hazard. Fang agreed.

Abuershard hired Rodrigo Lopez from Cardinal's Tree Service to perform the work.[1] Lopez cut Fang's trees to stumps, and did the same to a pine tree on a neighboring property which belonged to Raymundo.

Following a jury trial, appellants prevailed on a negligence cause of action against Abuershard.[2] Fang prevailed on a breach of contract cause of action and Raymundo prevailed on a trespass cause of action.

At the court retrial on damages, Kerry Norman testified as an expert witness for plaintiffs. He opined the tress were a total loss. The appraised value of Raymundo's pine tree (#96) was $5,800. The appraised value of Fang's trees totaled $28,300, consisting of $9,100 for the pine tree (#97), $5,800 for one of the eucalyptus trees (#98) and $6,700

---

[1] The two were named as defendants in the complaint in this manner, but defaulted. The jury found Lopez responsible for 30 percent of the harm to plaintiffs.

[2] Cardinal Tree Service was also a defendant and also defaulted.

2

each for the remaining two eucalyptus trees (#99 & #100). Norman calculated the replacement cost for each tree to be $2,964, including installation.

Norman was unable to determine whether the eucalyptus trees had been pruned or otherwise maintained prior to the incident in this case. He agreed with the court that it appeared the pine trees had not been maintained prior to Lopez's work and were "kind of" like "big sprawling bushes."

When Norman was shown recently taken photographs of the eucalyptus trees, he acknowledged the trees had grown substantially since the original incident. Norman opined the new growth was not securely attached to the trunk and would always be subject to failure. However, Norman had not visited the site to inspect the new growth.

No new photographs of the pine trees were offered at trial. Abuershard had observed no significant change in the pine trees since the incident; the trees showed very little sign of growth.

Abuershard testified that he went to the Oriental Nursery and was told by the owner that the cost of a five foot replacement pine tree would be $1,200 and the cost of a four foot eucalyptus would be $650. The cost of a crane to move the trees would be $800.

The court found Fang's damages to be $3,500 for the pine tree #97, $2,000 for eucalyptus tree #98 and $2,500 each for eucalyptus trees #99 and #100. The court found Raymundo's damages to be $2,000 for pine tree #96.[3]

---

[3] The court's ruling included the following summary of the evidence: "The court notes that exhibits A, B, C, D and E depict the [eucalyptus] trees in a state in which they appear to be growing, and in any event well above the fence line between the plaintiffs' properties and defendant's property. The parties presented no current photographs of the status of the damaged pine trees. . . . [¶] The court did not find the testimony of expert Kerry Norman persuasive regarding the values of the damaged trees. Further, the court finds that Mr. Norman's appraised values of the damaged trees are not truly indicative of the fair market values of the damaged trees. Mr. Abuershard testified that the cost for a replacement pine tree five feet tall at the local nursery was $1,200, while the cost for a replacement eucalyptus tree was $650. The court finds Mr. Abuershard's testimony of minimal assistance in determining the fair market value of the damaged trees."

DISCUSSION

1. Abuershard's testimony

Appellants contend the court abused its discretion in admitting Abuershard's testimony concerning the replacement cost of the trees. We see no prejudice from any error.

Evidence Code section 813 does permit a view of the property being valued or "other *admissible* evidence . . . for the limited purpose of enabling" the trier of fact "to understand and weigh the testimony given" by an expert or the property's owner. (Evid. Code, § 813, subd. (b) [italics added].)

Abuershard's testimony that small, relatively inexpensive trees were available from the Oriental Nursery might have permitted the court to better understand and weigh Norman's testimony, but it was inadmissible hearsay. Abuershard was simply repeating the nursery owner's statement about cost. (See Evid. Code, § 1200 [hearsay is an out-of-court statement offered to prove the truth of the matter stated].)

It is not clear the court admitted the testimony as evidence of replacement cost.[4] But, even if the court did admit the testimony for this purpose, the error would not require reversal.

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; and [¶] (b) The court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the

---

[4] There is some indication that the court admitted the evidence for a more limited purpose. The court stated, "The court understood Mr. Abuershard's testimony only to go to the fact that he made a phone call, and he was aware." Upon being reminded Abuershard had visited the nursery, the court stated, "So he went to a nursery and was advised that the trees cost "X" number of dollars. That is all the court will take away from that testimony." The relevance of respondent's awareness is unclear.

4

ground stated and that the error or errors complained of resulted in a miscarriage of justice." (Evid. Code, § 353.)

"In civil cases, a miscarriage of justice should be declared only when the reviewing court, after an examination of the entire cause, including the evidence, is of the opinion that it is *reasonably probable* that a result more favorable to the appealing party would have been reached in the absence of the error. [Citations.]" (*O'Hearn v. Hillcrest Gym Fitness Center, Inc.* (2004) 115 Cal.App.4th 491, 500.)

There is no reasonable probability appellants would have received a more favorable result in the absence of Abuershard's testimony. The court expressly found his testimony to be of "minimal assistance in determining the fair market value of the trees." There is nothing in the trial court's award of damages to suggest the court was influenced by Abuershard's testimony that the total replacement cost was $5,150. The court awarded $12,500 in damages, more than twice the amount testified to by Abuershard. The court's award was closer to Norman's replacement cost for the trees, which totaled $14,820.

Further, Abuershard's testimony showed the same replacement cost for the two pine trees ($1,200 each) and the same cost for the three eucalyptus trees ($650 each). The trial court awarded differing amounts for the two pine trees ($2,000 for one and $3,500 for the other) and for the eucalyptus trees ($2,000 for one and $2,500 for the remaining two), again showing the court was not influenced by his testimony. Any error in admitting the testimony was harmless.

2. Sufficiency of the evidence

Appellants contend there is no evidence to support the court's award of damages in a lesser amount than the appraised value shown by their expert's testimony. They contend, in effect, that the court was required to award the full amount of Norman's appraised value. They are mistaken.

"'The trier of fact . . . is not required to accept the opinion testimony of any witness as to value[;] may accept that part of such testimony [it] concludes worthy of

5

belief and reject that part which is unworthy of belief;. . . and, in determining the amount of just compensation . . ., is not required to coincide his determination with the specific amount fixed by the valuation testimony of any expert witness. . . .' [Citation.]" (*Escondido Union School Dist. v. Casa Suenos De Oro, Inc.* (2005) 129 Cal.App.4th 944, 982.) "There is insufficient evidence to support a verdict 'only when "no reasonable interpretation of the record' supports the figure . . . .' [Citations.]" (*San Diego Metropolitan Transit Development Bd. v. Cushman* (1997) 53 Cal.App.4th 918, 931.)

Norman opined the trees were a total loss. The court "did not find the testimony of expert . . . Norman persuasive regarding the value of the damaged trees." The court "note[d] that Exhibits A, B, C, D and E depict the [eucalyptus] trees in a state in which they appear to be growing, and in any event well above the fence line between" the properties. Also, the pine trees "look[ed] like they have never been maintained." The court could have reasonably reduced the amount of Norman's valuation based on these factors.

### 3. Measure of damages

Appellants contend the court rejected Norman's testimony solely because "it was not indicative of the fair market value of the damaged trees," and thereby erred because there is no requirement damages be valued at fair market value.[5] Appellants are correct there is no requirement to use fair market value as a measure of damages, but it is equally true there is no bar to using it.

"The measure of damages in California for tortious injury to property is 'the amount which will compensate for all the detriment proximately caused thereby . . . .' (Civ. Code, § 3333.) Such damages are generally determined as the difference between the value of the property before and after the injury. [Citations.] This measure of

---

[5] The court did not reject Norman's testimony solely on the fair market value issue. The court stated: "The court did not find the testimony of expert Kerry Norman persuasive regarding the values of the damaged trees. *Further*, the court finds that Mr. Norman's appraised values are not truly indicative of the fair market value of the damaged trees." (Italics added.)

6

damages has been used to compensate a plaintiff for damages resulting from injury to trees located on his property. [Citation.] Diminution in market value, however, is not an absolute limitation; several other theories are available to fix appropriate compensation for the plaintiff's loss. 'There is no fixed, inflexible rule for determining the measure of damages for injury to, or destruction of, property; whatever formula is most appropriate to compensate the injured party for the loss sustained in the particular case, will be adopted.' [Citations.]" (*Heninger v. Dunn* (1980) 101 Cal.App.3d 858, 861-862.)

Here, the court considered a number of factors, including the appearance of the trees before the damage, the state of the trees at the time of the retrial, and the cost of replacement trees. There was no abuse of discretion in the trial court's decision to award the fair market value of the trees as damages, as opposed to the "appraisal" value offered by Norman.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.